Jones, Judge:
According to the record, the claimant in this case, Southern Coals Corporation, under a paving contract with the respondent, State Road Commission, entered into in January, 1964, and preparatory to commencing work thereunder, stockpiled slag aggregate at the project where it was inspected and approved by the State Road Commission and remained for several months. During July, 1965, the claimant moved in its personnel and equipment to begin the concrete pavement. Thereupon, the State Road Commission notified the claimant that the aggregate contained a small amount of iron and would have to be removed and replaced. While the claimant makes the uncontested averment that the presence of iron in the paving mix would produce no adverse effect, the claimant was required to remove all of the stockpiled aggregate and a two weeks’ delay in its work under the contract resulted. The claimant alleges that it was required to expend the amount of $3,143.31 for labor and equipment to remove and replace the stockpiled aggregate. It further alleges that it was required to expend the additional sum of $2,258.00 for supervisory personnel who were idled by the unnecessary delay, and other items of overhead.
Upon the hearing of this claim, it was stipulated by the State Road Commission that the facts and amount of damages alleged in claimant’s petition are true, and the claim was submitted without the taking of any testimony.
The Court has considered the petition and stipulation and statements of counsel, and is of opinion that the record presents *123 a valid claim within the jurisdiction of the Court and against the State Road Commission which in equity and good conscience should be paid, and, accordingly, it is the judgment of the Court that the claimant, Southern Coals Corporation, should recover, and it is hereby awarded the sum of $5,401.31.